| | | |
|---|---|---|
| JENNIFER JONES, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF HER MOTHER, JEWEL WALKER, DECEASED | § | NUMBER: 43-767 |
| VERSUS | § | SECOND JUDICIAL DISTRICT COURT |
| ARCADIA NURSING AND REHABILITATION CENTER, L.L.C., D/B/A WILLOW RIDGE NURSING AND REHABILITATION CENTER, L.L.C., DTD HC, L.L.C., AND D&N, L.L.C. | § | BIENVILLE PARISH, LOUISIANA |
| PERMANENT ASSIGNMENT | § | SECTION: |

### PETITION FOR DAMAGES OF WRONGFUL DEATH, SURVIVAL AND BREACH OF CONTRACT

NOW COMES AND APPEARS, through undersigned counsel, JENNIFER JONES, individually and on behalf of the Estate of her mother, JEWEL WALKER, DECEASED, showing that:

1. Made defendants in this action are:

Arcadia Nursing and Rehabilitation Center, L.L.C., d/b/a Willow Ridge Nursing and Rehabilitation Center, L.L.C., a skilled nursing facility doing business at 660 Factory Outlet Mall Drive, Arcadia, Louisiana, who may be served through its registered agent for service of process, UCS of Louisiana, Inc., 3867 Plaza Tower Drive, 1st Floor, Baton Rouge, Louisiana 70816

DTD HC, L.L.C., a foreign corporation who owns, operates and manages Arcadia Nursing and Rehabilitation Center, L.L.C., doing business at 3690 Southwestern Boulevard, Orchard Park, New York, 14217, who may be served through Louisiana Long Arm Statute;

D&N, L.L.C., a foreign corporation who owns, operates and manages Arcadia Nursing and Rehabilitation Center, L.L.C., doing business at 3690 Southwestern Boulevard, Orchard Park, New York, 14217, who may be served through Louisiana Long Arm Statute;

2. The parties hereto, the subject matter hereof, and all matters and things herein contained are within the jurisdiction of this Honorable Court. Some of the actions and inactions herein fall outside the MMA, and defendants, DTD HC, L.L.C. and D&N, L.L.C., are not qualified with the Louisiana Patient's Compensation Fund.

3. Plaintiff is Ms. Jennifer Jones, who is the daughter of Mrs. Jewel Walker, a patient of Willow Ridge Nursing Home from 2006 - 2015.

4. Jennifer Jones, resident of Lincoln Parish, Louisiana is proceeding individually and on behalf of the Estate of her mother, Jewel Walker, through undersigned counsel. Mrs. Jewel Walker died on March 13, 2015 from sepsis and multiple infected bed



sores caused by defendants, Arcadia Nursing and Rehabilitation Center, L.L.C., d/b/a Willow Ridge Nursing and Rehabilitation Center, L.L.C.'s (hereinafter "Willow Ridge" and DTD HC, L.L.C.'s (hereinafter "DTD") and D&N, L.L.C.'s (hereinafter "D&N"), failure to provide reasonable care in accord with the standards of care required.

5.   Defendant, Willow Ridge Nursing Home, is a skilled long term care facility licensed in Louisiana and doing business at 660 Factor Outlet Mall Drive, Arcadia, Louisiana 71001;

6.   Defendants, DTD, L.L.C. and D&N, L.L.C., are foreign corporations who are the owners and managers of Willow Ridge, the facility wherein Jewel Walker was a patient, and charged with the duty to ensure proper budget, allocation of funds, and policy and procedures were implemented to provide quality, safe care to their patients with sufficient staff and equipment to meet the needs of their patients.

7.   Mrs. Jewel Walker suffered from injuries as a result of defendants' agents and employees failing to provide reasonable care in accord with the standard of care required and in failing to exercise best judgment in the application of the skill required from March, 2006 up until her death in March, 2015. These injuries included: significant unplanned weight loss, dehydration, malnutrition, falls and broken bones, pressure sores, infection, decrease in quality of life, deterioration of her overall physical, mental and psycho social status, sepsis, multiple infected bed sores and death on March 13, 2015.

8.   It is contended that defendants, Willow Ridge, DTD and D&N, failed to ensure proper administration of the facility in accord with minimum standards for care; failed to allocate and budget money to meet their patients' needs, failed to employ sufficient numbers of trained qualified staff to meet the needs of their patient and to provide sufficient equipment and implement policies and procedure to ensure proper care and quality measures to ensure sufficient staff, care, equipment and supervision for patient care.

9.   It is further contended that defendants, through *respondeat superior* are responsible for the failures, breach of duty, breach of care by their employees, agents and others hired and contracted to provide care to the patients of Willow Ridge and specifically to Jewel Walker. It is shown that defendants, agents employees, staff and hired personnel failed to provide care in accord with standard practice and failed to ensure that Mrs. Jewel

Walker was provided with quality care as contracted in their admission agreement and as required by law governing nursing home care, including the right to be provided care in accord with patient rights to dignity and respect. It is alleged that the defendants failed to:

A. Failed to implement and provide an adequate assessment and comprehensive plan of care to meet their patient's needs;

B. Failing to provide a safe environment and all necessary care, equipment and staff to ensure her safety;

C. Failing to ensure that policies and procedures were implemented in accordance with standards for quality care to ensure fall prevention, patient safety, pressure sore prevention, infection prevention, meeting nutritional and hydration needs of their patients, and proper programs and assistive devices for patients with known risks such as Jewel Walker;

D. Failing to prevent falls and injuries and implement appropriate fall prevention techniques;

E. Failed to ensure there was sufficient staff who were trained and to meet their patients needs;

F. Failed to obtain care and special services to meet Mrs. Walker's needs pursuant to their agreements and contract to adhere to both federal and state regulations governing long term care;

G. Failed to ensure, order and obtain needed equipment and supplies to meet her needs including specialized wheelchairs, beds, cushions, protective devices, bed sore mattresses, pillows, weds, pressure relieving devices, mighty shakes, supplements, nutritional aides, hydration aides, along with infection control supplies;

H. Failed to adhere to standards and licensure minimum qualifications and rules implemented by the State of Louisiana, Louisiana Department of Health and Hospitals, AHCPR guidelines, AMDA guidelines, and Medicaid and CMS Medicare guidelines for nursing homes and long term care in Louisiana;

I. Failed to exercise prudent medical and nursing judgment and ensure their patients care was supervised by a physician and provided by competent trained staff;

J. Failed to implement proper policies and procedures and protocols needed to meet their patients needs, along with quality controls and infection control;

K. Failed to ensure patients needs were met by providing adequate funding and budgeting for patient care, staff, supplies, equipment and at all times supervised care by her physician;

L. Failed to order and obtain necessary equipment, therapy and special services necessary for Mrs. Walker's needs;

M. Failed to inform the patient and her family of the plan of treatment to obtain informed consent and to make them aware of changes in Mrs. Walker's condition;

N. Failed to ensure care and services were provided to meet the changes in her condition and needs of her condition in a timely manner;

O. Failed to ensure the rights of the patient, Jewel Walker, were provided and

protected as guaranteed to all nursing home residents in Louisiana and in their contract for care;

P.  Failed to ensure their patient was treated with dignity and respect and their rights as guaranteed as a patient of a long term care facility were respected, followed and enforced.

11. As a result of the negligence, actions and inactions of the agents and employees of Willow Ridge, DTD and D&N, it will further be shown that Jewel Walker suffered abuse and neglect, physical pain and suffering, mental pain and suffering, disfigurement, disability, decreased quality of life, decreased chance of survival, expenses and other extraordinary expenses incurred as a result of the damages caused by defendants.

12. It will further be shown that petitioner, Jennifer Jones, individually and on behalf of the Estate of her mother, Jewel Walker, has suffered both pecuniary and non-pecuniary losses as a result of the breach of contract including money damages, survival and wrongful death damages including mental pain and anguish, emotional grief, decreased quality of life, anguish, disability, disfigurement and expenses as a result of the breach of contract.

WHEREFORE, petitioners pray that defendants, Arcadia Nursing and Rehabilitation Center, L.L.C., d/b/a Willow Ridge Nursing and Rehabilitation Center, L.L.C., DTD HC, L.L.C., and D&N, L.L.C., each be served with a copy of this complaint and each cited to appear and answer same;

FURTHER PRAYS that after all legal delays and due proceedings had, that there be judgment herein in favor of your petitioner, JENNIFER JONES, individually and on behalf of the Estate of her mother, JEWEL WALKER, for all damages of wrongful death and survival, including physical pain and suffering, mental/emotional pain and suffering; loss of quality of life, disability, scarring and disfigurement, wrongful death, loss chance of survival, medical bills, funeral bills, and other expenses, mental anguish; breach of contract damages including pecuniary and non-pecuniary losses, and against the defendants herein, for amounts as may be reasonable in the premises, together with legal interest thereon, from date of judicial demand until paid together with all costs of these proceedings to include the costs for all expert witnesses of any description, including but not limited to medical experts;

FURTHER PRAYS for all other relief as may be necessary in the premises.

Respectfully submitted,

LAW OFFICES OF GIA KOSMITIS
A Professional Law Corporation
Attorneys for Plaintiff

BY: _____
Georgia P. Kosmitis
Attorney at Law
Bar Roll No. 19355
3316 Line Avenue
Shreveport, Louisiana 71104
(318) 865-9800
(318) 865-0809 (facsimile)

Please serve:

Arcadia Nursing and Rehabilitation Center, L.L.C.,
d/b/a Willow Ridge Nursing and Rehabilitation Center, L.L.C.
through its registered agent for service of process,
UCS of Louisiana, Inc.
3867 Plaza Tower Drive, 1st Floor
Baton Rouge, Louisiana 70816

DTD HC, L.L.C.
Via Louisiana Long Arm Statute at
3690 Southwestern Boulevard
Orchard Park, New York, 14217

D&N, L.L.C.
Via Louisiana Long Arm Statute at
3690 Southwestern Boulevard
Orchard Park, New York, 14217

| | | |
|---|---|---|
| JENNIFER JONES, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF HER MOTHER, JEWEL WALKER, DECEASED | § | NUMBER: **43-767** |
| VERSUS | § | SECOND JUDICIAL DISTRICT COURT |
| ARCADIA NURSING AND REHABILITATION CENTER, L.L.C., D/B/A WILLOW RIDGE NURSING AND REHABILITATION CENTER, L.L.C., DTD HC, L.L.C., AND D&N, L.L.C. | § | BIENVILLE PARISH, LOUISIANA |
| PERMANENT ASSIGNMENT | § | SECTION: |

## REQUEST FOR TEN DAYS NOTICE
## OF SETTING AND NOTICE OF JUDGMENT

Plaintiff, JENNIFER JONES, individually and on behalf of the Estate of her mother, JEWEL WALKER, deceased, petitioner in the above styled and numbered cause, requests that she be given a minimum of ten (10) days written notice in advance, through her counsel of record, Georgia P. Kosmitis, 3316 Line Avenue, Shreveport, Louisiana 71104, in accordance with the provisions of Article 1572, 1913 and 1914 of the Louisiana Code of Civil Procedure, of the date that this cause is to be fixed for trial; settings or argument, motions or hearings and notice of judgment or partial judgment.

Respectfully submitted,

LAW OFFICES OF GIA KOSMITIS
A Professional Law Corporation
Attorneys for Plaintiff

BY: _____
Georgia P. Kosmitis
Attorney at Law
Bar Roll No. 19355
3316 Line Avenue
Shreveport, Louisiana 71104
(318) 865-9800
(318) 865-0809 (facsimile)

FILED
James W. Martin
Clerk of Court

NOV 1 2 2015

By: SANDRA K. SETTLE
Parish of Bienville
Deputy Clerk

**Please serve with petition**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JENNIFER JONES, INDIVIDUALLY
AND ON BEHALF OF HER MOTHER
JEWEL WALKER, DECEASED

    Plaintiffs

VERSUS                                CIVIL ACTION NO. _____

ARCADIA NURSING & REHABILITATION
CENTER, LLC D/B/A WILLOW RIDGE
NURSING & REHABILITATION CENTER,
LLC, DTD HC, LLC AND D&N, LLC

    Defendants

**AFFIDAVIT OF NORBERT A. BENNETT**

STATE OF NEW YORK

COUNTY OF ERIE

    1.    My name is Norbert A. Bennett. I am an adult resident citizen of Erie County, New York. I am over the age of 21, and I am competent to testify in this matter.

    2.    The facts in this affidavit are based on my personal knowledge and are true and correct to the best of my knowledge, information, and belief.

    3.    I am a member and the manager of **D&N, LLC**.

    4.    **D&N, LLC** is a New York limited liability company with its principal place of business in Orchard Park, New York.

    5.    **D&N, LLC**'s members are **Norbert A. Bennett** and the **Norbert A. Bennett Children's Trust** and the **Norbert A. Bennett**, and the **Norbert A. Bennett Grand-Children's Trust**.

6. The trustee of the **Norbert A. Bennett Children's Trust** is **Ronald Bennett**, a citizen of New York.

7. **Ronald Bennett** is also the trustee of the **Norbert A. Bennett Grand-Children's Trust**.

8. **D&N, LLC** currently holds a 50% membership interest in **Arcadia Nursing and Rehabilitation Center, LLC, d/b/a Willow Ridge Nursing and Rehabilitation Center**. **DTD HC, LLC** has the remaining 50% membership interest in the aforementioned LLC.

9. At all times pertinent herein, the members of **Arcadia Nursing and Rehabilitation Center, LLC, d/b/a Willow Ridge Nursing and Rehabilitation Center** have been, and continue to be, **D&N, LLC** (holding 50% membership interest) and **DTD HC, LLC** (holding a 50% membership interest).

10. **Willow Ridge Nursing and Rehabilitation Center** is a registered trade name of **Arcadia Nursing and Rehabilitation Center, LLC**.

11. Affiant knows of no limited liability company by the name of **Willow Ridge Nursing and Rehabilitation Center, LLC**, and believes this to be a mistaken misnomer by the state court plaintiff.

FURTHER, Affiant sayeth not.

DATED: December 23, 2015.

_____
NORBERT A. BENNETT

SWORN TO AND SUBSCRIBED before me, the 23 day of December, 2015.

_____
NOTARY PUBLIC
My Commission Expires:_____

ANTHONY F. PEGNIA, JR.
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 1/16/20

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JENNIFER JONES, INDIVIDUALLY
AND ON BEHALF OF HER MOTHER
JEWEL WALKER, DECEASED

    Plaintiffs

VERSUS                                      CIVIL ACTION NO.

ARCADIA NURSING & REHABILITATION
CENTER, LLC D/B/A WILLOW RIDGE
NURSING & REHABILITATION CENTER,
LLC, DTD HC, LLC AND D&N, LLC

    Defendants

### AFFIDAVIT OF DONALD T. DENZ

STATE OF NEW YORK

COUNTY OF ERIE

    1.    My name is Donald T. Denz. I am an adult resident citizen of Erie County, New York. I am over the age of 21, and I am competent to testify in this matter.

    2.    The facts in this affidavit are based on my personal knowledge and are true and correct to the best of my knowledge, information, and belief.

    3.    I am a member and the manager of **DTD HC, LLC**.

    4.    **DTD HC, LLC** is a New York limited liability company with its principal place of business in Orchard Park, New York.

    5.    **DTD HC, LLC**'s members are **Donald T. Denz** and the **Donald T. Denz Irrevocable Trust**.

6. The trustee of the **Donald T. Denz Irrevocable Trust** is **Martin J. Clifford**, a citizen of New York.

7. **DTD HC, LLC** currently holds a 50% membership interest in **Arcadia Nursing and Rehabilitation Center, LLC, d/b/a Willow Ridge Nursing and Rehabilitation Center**. **D&N, LLC** has the remaining 50% membership interest in the aforementioned LLC.

8. At all times pertinent herein, the members of **Arcadia Nursing and Rehabilitation Center, LLC, d/b/a Willow Ridge Nursing and Rehabilitation Center** have been, and continue to be, **D&N, LLC** (holding 50% membership interest) and **DTD HC, LLC** (holding a 50% membership interest).

9. **Willow Ridge Nursing and Rehabilitation Center** is a registered trade name of **Arcadia Nursing and Rehabilitation Center, LLC**.

10. Affiant knows of no limited liability company by the name of **Willow Ridge Nursing and Rehabilitation Center, LLC**, and believes this to be a mistaken misnomer by the state court plaintiff.

FURTHER, Affiant sayeth not.

DATED: December 23, 2015.

_____
DONALD T. DENZ

SWORN TO AND SUBSCRIBED before me, the 23 day of December, 2015.

_____
NOTARY PUBLIC
My Commission Expires:_____

ANTHONY F. PEGNIA, JR.
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 1/16/20_19