UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JENNIFER JONES | CIVIL ACTION NO. 15-2910 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ARCADIA NURSING AND REHABILITATION CENTER, L.L.C., d/b/a WILLOW RIDGE NURSING AND REHABILITATION CENTER, L.L.C., DTD HC, L.L.C., and D&N, L.L.C. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is a motion to dismiss for lack of personal jurisdiction, filed by Defendants DTD HC, L.L.C. ("DTD") and D&N, L.L.C. ("D&N") (collectively "Defendants"). [Record Document 6]. Plaintiff, Jennifer Jones ("Jones"), opposes the motion [Record Document 8], and Defendants have responded to Jones's opposition [Record Document 11]. Following a thorough review of the record and for the following reasons, the Defendants' motion to dismiss shall be **DENIED**.

I. **Background.**

Jones is the daughter of Jewel Walker ("Walker"), who was a patient at Arcadia Nursing & Rehabilitation Center, L.L.C. ("Arcadia Nursing"). While at Arcadia Nursing, Walker allegedly suffered from "severe stage IV infected bed sores," malnourishment, dehydration, insufficient wound treatment, and insufficient therapy. Record Document 8, pp. 6-7. Walker ultimately died of sepsis, allegedly from her infected wounds.

Jones filed suit in state court in Bienville Parish against Arcadia Nursing, DTD, and

D&N, contending that their failure to provide reasonable care to Walker while she was a patient at Arcadia Nursing caused Walker's death. The Defendants removed the case to federal court.

DTD and D&N are the sole members of Arcadia Nursing, each having a fifty percent interest in the ownership of Arcadia Nursing. Both Defendants allege that they are New York citizens-- they are limited liability companies formed in New York and they maintain their principal places of business in Orchard Park, New York. Jones does not dispute these facts.

DTD, a New York citizen, has two members-- Donald Denz ("Denz"), a natural person who is a citizen of New York, and The Donald Denz Irrevocable Trust (the "Donald Denz Trust"). See Record Document 6-1, p. 10. The Donald Denz Trust has six beneficiaries (all natural persons), five of whom are New York citizens, while the sixth is a Florida citizen. See id. The trustee of the Donald Denz Trust is also a citizen of New York. See id. at p. 11.

D&N, a New York citizen, has three members-- Norbert A. Bennett ("Bennett"), a natural person who is a citizen of New York; The Norbert A. Bennett Children's Trust (the "Children's Trust"); and The Norbert A. Bennett Grandchildren's Trust (the "Grandchildren's Trust"). See Record Document 6-1, p. 12. The Children's Trust has three beneficiaries, all natural persons who are New York citizens. See id. The Grandchildren's Trust has eight beneficiaries, all natural persons who are New York citizens. See id. The trustee of both the Children's Trust and the Grandchildren's trust is a citizen of New York. See id. Again,

Jones does not dispute any of these facts.

DTD and D&N have filed the instant motion seeking to be dismissed from this suit, arguing that the Court lacks sufficient personal jurisdiction over them. They maintain they are only members of Arcadia Nursing, but aside from that they have no independent connection to or contacts with Louisiana. While not disputing the New York citizenship of DTD and D&N, Jones nonetheless avers that the Defendants have sufficient minimum contacts with Louisiana to sustain this Court's finding of personal jurisdiction. The Court agrees with Jones.

## II.  Law and Analysis.

When a defendant challenges the existence of personal jurisdiction, the plaintiff bears the burden of proving that jurisdiction does indeed exist. See Guidry v. U.S. Tobacco Co., 188 F.3d 619, 626 (5th Cir. 1999). On a pretrial motion such as this one where no evidentiary hearing is held, the uncontroverted allegations in the plaintiff's complaint must be taken as true and any conflicts between facts contained in the parties' affidavits must be resolved in the plaintiff's favor. See Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990). Those facts must create for the plaintiff only a *prima facie* showing of jurisdiction. See Travelers Indemnity Co. v. Calvert Fire Ins. Co., 798 F.2d 826, 831 (5th Cir. 1986). If the plaintiff satisfies that minimal standard, she must still prove the jurisdictional facts at trial or through a hearing by a preponderance of the evidence before she may obtain relief on the merits against the non-resident. See id.; Felch v. Transportes Lar-Mex, 92 F.3d 320, 326 (5th Cir. 1996).

A federal court sitting in diversity, like this one, must satisfy both the statutory and Constitutional requirements of personal jurisdiction: the state long-arm statute must confer jurisdiction over the defendant, and the court's exercise of personal jurisdiction must be consistent with due process. See Marathon Oil Co. v. A.G. Ruhrgas, 182 F.3d 291, 294 (5th Cir. 1999). The Louisiana long-arm statute is coextensive with the limits of constitutional due process, merging the statutory and constitutional analyses into one. See La. R.S. § 13:3201(B); A&L Energy, Inc. v. Pegasus Group, 791 So. 2d 1266, 1270 (La. 2001).

Due process requires both that a defendant have sufficient minimum contacts with the forum state and that the exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice. See Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 243 (5th Cir. 2008). A defendant's contacts with the forum state can support either general or specific jurisdiction. Marathon Oil, 182 F.3d at 295. General jurisdiction exists when the defendant's contacts with the state are "continuous, systematic, and substantial," id., a test that "is a difficult one to meet, requiring extensive contacts between a defendant and a forum," Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 608 (5th Cir. 2008). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." Moncrief Oil Int'l Inc. v. IAI Gazprom, 481 F.3d 309, 312 (5th Cir. 2007).

Specific jurisdiction exists when the defendant's contacts with the state arise from or are directly related to the cause of action. See Marathon Oil, 182 F.3d at 295. The non-resident defendant must have "purposefully directed its activities at the forum state and

the litigation results from alleged injuries that arise out of or relate to those activities." See Walk Haydel & Assoc., 517 F.3d at 243. In sum, for specific jurisdiction to be applied, it must be shown that "(1) there are sufficient (i.e. not random fortuitous or attenuated) pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts." Pervasive Software, Inc v. Lexware GmbH & Co. KG, 688 F.3d 214, 221-22 (5th Cir. 2012) (internal marks omitted). If a plaintiff makes the above showing, then the defendant can defeat specific jurisdiction by showing that "it would fail the fairness test, i.e., that the balance of interest factors show that the exercise of jurisdiction would be unreasonable." Id. The burden is on the defendant to show the assertion of personal jurisdiction would offend traditional notions of fair play and substantial justice.

Jones has not articulated a sound argument for the exercise of general jurisdiction over the Defendants, nor can the Court identify a viable rationale on its own. Thus, the Court will focus on specific jurisdiction. Jones submits that the Defendants' ownership and close control of Arcadia Nursing satisfies the minimum contacts inquiry. That is, the Defendants are each fifty percent owners of a skilled nursing facility located in and purposefully conducting business in Louisiana. The facility owned by Defendants charges and collects money from Louisiana residents, insurers, and the Medicaid and Medicare systems. This business's income is derived solely from medical care and services provided to patients in a Louisiana facility.

With the exception of patient medical records, all of Arcadia Nursing's mail and financial, statistical, and "other" records are maintained at 3690 Southwestern Boulevard, Orchard Park, New York. Record Document 8-1, p. 5. According to the Louisiana Secretary of State, Arcadia Nursing has registered its mailing address as 3690 Southwestern Boulevard, Orchard Park, New York. See id. at p. 28. This is the same street address as that belonging to DTD, and the same address as that of D&N. See id. at pp. 28-29. Further, this is also the address for Aurora Cares and Tara Cares, which are related business entities responsible for preparing the Medicaid and Medicare reports for Arcadia Nursing. Record Document 11-1, p. 2. While the Court is unsure of the organizational structure of Aurora Cares or Tara Cares, Jones has made a prima facie showing that Denz and/or Bennett operate those companies.[1] Defendants have not disputed that evidence. Aside from Aurora Cares and Tara Cares, two other business entities related to DTD and D&N operate with and derive financial profits from the Arcadia Nursing facility-- Tara Therapy and Tara Pharmacy. See id. at p. 2. Tara Therapy provides therapy services for Arcadia Nursing's patients, while Tara Pharmacy is the on-site pharmacy where Arcadia Nursing's patients' prescriptions can be filled.

In summary, Jones submits that DTD and D&N, through delegation and through various companies, own and operate Arcadia Nursing and all of the companies that provide services to Arcadia Nursing and its patients, including administrative, financial, therapeutic

---

[1] Denz and Bennett are allegedly co-CEOs of Aurora Cares. See Record Document 8-1, pp. 30, 33.

and pharmacological services.[2] She maintains that this evidence demonstrates Defendants have purposefully directed their activities at Louisiana and the litigation arises from these contacts, therefore, there exist sufficient minimum contacts with Louisiana to sustain jurisdiction.

To contest personal jurisdiction, the Defendants submitted affidavits attesting that they do not operate or manage any nursing homes, including Arcadia Nursing; they do not do business, perform work, or provide services in Louisiana; are not registered to do business in Louisiana; have no agent for service of process in Louisiana; have never contracted to provide, nor have ever provided, any medical care, treatment, or custodial services to any nursing home resident in Louisiana; do not maintain an office in Louisiana; do not have any employees or agents in Louisiana; do not own, use, lease, or possess any real property in Louisiana; have not paid state or local taxes in Louisiana; do not advertise in Louisiana; do not pay Arcadia Nursing's expenses or losses; and have not loaned money to Arcadia Nursing. See Record Documents 6-2, pp. 1-3; 6-3, pp. 1-3.

In order to exercise specific jurisdiction over Defendants, the Court must determine that Defendants have minimum contacts with Louisiana, and that those contacts arise from or are directly related to Jones's causes of action. Marathon Oil, 182 F.3d at 295. Following

---

[2] The Court, however, disagrees with Jones's conclusory allegations that DTD and D&N own and operate Tara Cares, Tara Therapy, Tara Pharmacy, and Aurora Cares, as there is no evidence of that ownership before the Court. Neither party has identified the business structure of any of these entities. The evidence shows only that they are entities *related* to the Defendants, and that Denz and Bennett are the co-CEOs of at least one of them. That is not the equivalent of saying the Defendants-- DTD and D&N-- own and/or operate those entities.

a careful review, the Court concludes that the Defendants have artfully crafted their affidavits. However, these affidavits are notably silent as to many critical issues, such as what level of authority or control do Defendants exercise over Arcadia Nursing? If the Defendants do not exercise any control, authority, or oversight, who does, and at whose direction? There is no information as to who sits on the governing boards or bodies of, or otherwise manages, either the Defendants or Arcadia Nursing. Are there commonalities between the two? Are the Defendants' members managing Arcadia Nursing? The Court has no information about the respective companies' accounting and finance systems. Further, who maintains insurance for Arcadia Nursing? Finally, while Arcadia Nursing has an Executive Director who is responsible for budgeting, hiring, firing, training, and implementation of policies and procedures, the Defendants failed to disclose who is in charge of hiring and firing the Executive Director, and to whom the Executive Director reports.

Overall, the Court concludes the affidavits declare the many ways in which the Defendants are not involved in Arcadia Nursing, but are curiously silent as to many issues, including those outlined above. Furthermore, even though Defendants attest they are not in the nursing business and do not conduct business in Louisiana, they are, in fact, each fifty percent owners of a Louisiana skilled nursing facility. They are the only two members of Arcadia Nursing. Defendants have intentionally directed or caused Arcadia Nursing to engage in the business in Louisiana. It is a reasonable expectation for DTD and D&N to be haled into court in Louisiana in a suit related to actions or inactions occurring at their

nursing facility.

Because this cause of action arises out of DTD's and D&N's purposeful contacts with Louisiana, this Court finds that Jones has made a prima facie case sufficient to exercise personal jurisdiction over Defendants. The Defendants' contacts with Louisiana are beyond mere random, fortuitous or attenuated contacts. At all times, these two Defendants intended for their subsidiary company- which is closely tied to Defendants and their other business entities- to operate a business in and derive substantial money from Louisiana.

Thus, the burden now shifts to Defendants to demonstrate that the exercise of personal jurisdiction will offend traditional notions of fair play and substantial justice. See Ruston Gas Turbines v. Donaldson Co., 9 F.3d 415, 421 (5th Cir. 1993). "It is rare to say the assertion is unfair after minimum contacts have been shown." Wien Air Alaska v. Brandt, 195 F.3d 208, 215 (5th Cir. 1999). In making the fairness determination, a court must consider: "(1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies." Ruston Gas Turbines, 9 F.3d at 421. In this regard, the Defendants assert in a wholly conclusory fashion that "establishing personal jurisdiction over them would offend 'traditional notions of fair play and substantial justice.'" Record Document 6-1, p. 14. There is no legal or factual support provided for this conclusion, nor is there any further discussion of this concept at any point in the Defendants' pleadings. Hence, it is clear to the Court that the Defendants have not satisfied their burden of showing that the

exercise of jurisdiction is unfair or unreasonable. Assessing all of these factors, the Court instead finds that the exercise of jurisdiction over DTD and D&N is both fair and reasonable.

Finally, the Court notes that in their reply brief, the Defendants, for the first time, assert that they are not a proper party to this suit under Louisiana Revised Statute 12:1314 and 12:1320, as members of an LLC cannot be held liable for the acts of the LLC. This argument was not raised in the motion to dismiss filed by Defendants, and therefore Jones did not have an opportunity to respond to it. Arguments raised for the first time in a rebuttal or reply brief need not be considered by the Court. See In Re Katrina Canal Breaches Litig., 620 F.3d 455, 460 n. 3 (5th Cir. 2010). The Court declines to consider this untimely argument.

### III. Conclusion.

For the foregoing reasons, the Court finds that it has personal jurisdiction over the Defendants. Therefore, the Defendants' motion to dismiss [Record Document 6] be and is hereby **DENIED**. This case is **REFERRED** to Magistrate Judge Hayes for a scheduling conference.

**THUS DONE AND SIGNED** this 29th day of March, 2017.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT COURT