UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| JENNIFER JONES, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF HER MOTHER, JEWEL WALKER, DECEASED | * | CIVIL ACTION NO. 15-2910 |
| VERSUS | * | MAG. JUDGE KAREN L. HAYES |
| ARCADIA NURSING AND REHABILITATION CENTER, L.L.C., ET AL. | | |

## MEMORANDUM ORDER

Pursuant to a January 29, 2019, telephone conference with counsel for the parties and the Louisiana Patient's Compensation Fund ("PCF"), the court directed the parties to brief whether it would continue to enjoy diversity jurisdiction if the PCF were substituted as a defendant. *See* Jan. 29, 2019, Minutes [doc. # 154]. Thereafter, the court received and reviewed memoranda submitted by plaintiff and the PCF regarding this issue. [doc. #s 155-156]. In a February 13, 2019, order the court determined that if plaintiff petitioned the court to join the PCF as a defendant, to assert claims against the PCF, and/or to seek a judgment against the PCF, then jurisdiction would be destroyed and the matter remanded to state court. (Feb. 13, 2019, Order [doc. # 157]).

On March 5, 2019, plaintiff filed a "Petition to Authorize Settlement of Medical Malpractice Action *and for Recovery Against the Louisiana Patient's Compensation Fund for Damages*," which included a prayer for damages, fees, and interest against the PCF and the

Louisiana Patients Compensation Fund Oversight Board. [doc. # 158] (emphasis added).[1]

Accordingly, for reasons detailed in the court's February 13, 2019, order, the court finds that plaintiff's assertion of claims against (i.e., joinder of) a non-diverse defendant destroys the court's diversity jurisdiction, thereby compelling remand. 28 U.S.C. § 1447(e).[2] A judgment of remand will be entered separately.

In Chambers, at Monroe, Louisiana, this 25th day of March 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[1] On March 21, 2019, the PCF filed its response to the petition for damages. [doc. # 161].

[2] Having permitted joinder, remand to state court is not only proper, it is mandatory. *Id*.; *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).